DECISION AND ENTRY
{¶ 1} This matter is before the court on the motion of Christopher M. Kremer for reconsideration of our opinion and judgment of March 3, 2006, which affirmed the trial court's judgment in favor of Michelle Rowse on Kremer's negligence claim arising out of an automobile accident.
 {¶ 2} In our March 3, 2006, opinion, we concluded that the trial court erred when it excluded the entirety of Kremer's videotaped cross-examination of Rowse's medical expert, Dr. Kenneth A. Jenkins, D.C., regarding his relationship with Allstate, Rowse's insurer. We further concluded, however, that the exclusion of that cross-examination did not constitute reversible error. We stated:
 {¶ 3} "As stated above, Dr. Jenkins testified that he worked for all of the major insurance companies, not just Allstate. He denied that he had a pecuniary interest in providing favorable reports and stated that he received his fee from the insurance company regardless of his opinion in the case. He stated: `I have had more than my fair share of cases that have been sent to me that I've advised to pay. * * * So that's not really fair for you to even make or draw an assumption such as that.' Dr. Jenkins further indicated that he had an active chiropractic practice in addition to providing peer reviews. Upon review of the record, we find no reasonable possibility that the outcome of the trial would have been different had the cross-examination been viewed by the jury."
 {¶ 4} In addition, we concluded that the jury's award of no damages to Kremer was not against the manifest weight of the evidence.
 {¶ 5} In his motion, Kremer seeks reconsideration of our conclusion that the exclusion of the cross-examination constituted harmless error. He asserts that the outcome of the litigation was "completely dependent" upon the credibility of the medical experts. Kremer argues that the exclusion of the cross-examination of Dr. Jenkins "left the jury with a distorted view of the relationship between the parties and their experts." He notes that while the jury was aware that Kremer's expert was his treating physician and had a professional relationship with him, the jury was not informed that Dr. Jenkins had a financial incentive to provide testimony favorable to Allstate and that Allstate had provided him with the information upon which he relied for his opinion.
 {¶ 6} Upon further reflection, we agree with Kremer that there was a reasonable possibility that the verdict would have been different had the jury been informed of Dr. Jenkins's relationship with Allstate. Although Dr. Jenkins denied that he had a pecuniary interest in providing favorable reports to insurance companies and he asserted that he "had more than my fair share of cases" where he had advised the company to pay, the jury could have reasonable concluded that these assertions were belied by his ongoing relationship with "[p]retty much any and all major insurance companies." Accordingly, we agree with Kremer that exclusion of the cross-examination of Dr. Jenkins, which was relevant to his potential bias, was not harmless.
 {¶ 7} Rowse responds that the exclusion of the cross-examination was not prejudicial because the jury's verdict was supported by competent, credible evidence independent of Dr. Jenkins's testimony. Although the jury might have reached the same verdict based solely on its examination of Kremer's medical records, there is a reasonable possibility that, had the jury been presented with the cross-examination of Dr. Jenkins, it might have instead chosen to credit the testimony of Kremer's medical expert, Michael S. Harker, D.C., that Kremer's pain was caused by the October 23, 2002 accident and found in Kremer's favor.
 {¶ 8} The motion for reconsideration is granted.
 {¶ 9} The disposition of Kremer's first assignment of error in our March 3, 2006, opinion is vacated to the extent that it concluded that the exclusion of the cross-examination of Dr. Jenkins was harmless error. The first assignment of error is now sustained.
 {¶ 10} The judgment of the trial court is reversed, and the matter is remanded for a new trial.
SO ORDERED.
Brogan, Judge.
Wolff, Jr., Judge.
Fain, Judge.